FILED
2005 Sep-02 PM 06:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| PATRICK ANDERSON MURPHREE, M.D., INDIVIDUALLY, AND PATRICK ANDERSON MURPHREE, M.D., ON BEHALF OF THE FOOTHILLS ANESTHESIA, P.C., 401K EMPLOYEE RETIREMENT PLAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FOOTHILLS ANESTHESIA, P.C., A CORPORATION; KEITH MORTON, M.D., AN INDIVIDUAL; AND LYNN MISHKEL, M.D., AN INDIVIDUAL,<br><br>　　　　　Defendants. | CV 04-B-1712-J |

## MEMORANDUM OPINION

Patrick Anderson Murphree, M.D. ("Murphree" or "the plaintiff"), filed the above-captioned action on July 8, 2004, to recover benefits purportedly due pursuant to an employee benefits retirement plan from the defendants, including Foothills Anesthesia, P.C. ("FAPC"), Keith Morton, M.D., and Lynn Mishkel, M.D.

The defendants, Lynn Mishkel, M.D., and FAPC were duly served by personal service on July 20, 2004. On August 11, 2004, a default against these defendants was entered by the court allowing the plaintiff to prove damages to the court at a later date. The remaining defendant, Dr. Keith Morton, was served on August 18, 2004. An entry of default against this defendant was entered by the court on November 1, 2004, with the plaintiff to prove damages to the court.

The magistrate judge assigned this matter entered a report and recommendation (doc. 9) recommending that the motions for default judgments against the defendants be granted. This



recommendation further allowed the plaintiff ten (10) days to submit any evidence in support of his claim for damages, costs, and attorneys fees.  In addition, the court allowed ten (10) days for objections to be filed.  The court further directed the Clerk to serve the report and recommendation upon defendant FAPC by its registered agent, Edward H. Persons, and to serve defendants Mishkel and Morton individually.

The plaintiff has complied with the magistrate judge's requirement by submitting the following:

    (a)    Affidavit of Dr. Patrick Anderson Murphree with attached exhibits.

    (b)    Affidavit of Leigh Murphree.

    (c)    Affidavit of Ronald L. Davis with exhibits.

    (d)    Affidavit of Ronald L. Davis (Attorneys Fees) with exhibits.

    (e)    Affidavit of John Taylor (Service of Defendants FAPC and Mishkel).

    (f)    Affidavit of John Taylor (Service of Defendant Morton).

    (g)    Brief in Support of Damages Upon Entry of Default against Defendants.

All three defendants have failed to respond to the summons and complaint served against them and have failed to respond to the Magistrate Judge's Report and Recommendation served on them by the Clerk of Court.

The court has reviewed the pleadings and other entries into the court file as well as the above-referenced affidavits and brief submitted by the plaintiff.  The court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved with adjustments to the amount of pre-judgment interest awarded and the amount of civil penalties imposed.

The amount of pre-judgment interest which has accrued on the Forty-five Thousand Dollars ($45,000.00) to be awarded for benefits due the plaintiff pursuant to the defendants' 401(k) or similar profit sharing plan and on the Twelve Thousand Dollars ($12,000.00) for the plaintiff's claim of unpaid salary under state law has increased from six percent (6%) for fifteen (15) months to six percent (6%) for twenty-four (24) months.  The starting date for the accrual of interest is the date the plaintiff left the employment of the defendants in mid August of 2003 and the end date is the date of this memorandum opinion.  Therefore, the amount of pre-judgment interest which has accrued on the Forty-five Thousand Dollars ($45,000.00) award equals Five Thousand Four Hundred Dollars ($5,400.00), and the amount of pre-judgment interest which has accrued on the Twelve Thousand Dollars ($12,000.00) award equals One Thousand Four Hundred Forty Dollars ($1,440.00).

This court has also adjusted the amount of civil penalties awarded under ERISA from One Hundred dollars ($100.00) per day for 353 days to One Hundred Dollars ($100.00) per day for 647 days (from November 24, 2003, which is 30 days after the written request of the plaintiff's counsel for information regarding the plaintiff's retirement account, to the date of this memorandum opinion).  Therefore, the amount of civil penalties imposed against the defendants pursuant to ERISA equals Sixty Four Thousand Seven Hundred Dollars ($64,700.00).

The nature of these departures from the Magistrate Judge's Report and Recommendation is not substantive, but merely reflects the passage of time.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court with the adjustments reflected above.

In accord with the recommendation and the above adjustments, the court hereby finds that the plaintiff is due to be awarded a monetary judgment against the defendants in the amount of Eight Hundred Ninety-three Thousand Five Hundred Forty Dollars ($893,540.00). An appropriate judgment will be entered.

**DONE**, this 1st day of September, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE